IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVERLIGHT ELECTRONICS CO., LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| LUMILEDS HOLDING B.V., and | ) **DEMAND FOR JURY TRIAL** |
| LUMILEDS, LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Everlight Electronics Co., Ltd. ("Plaintiff" or "Everlight") makes the following allegations against Defendants Lumileds Holding B.V. and Lumileds, LLC ("Defendants" or "Lumileds").

**INTRODUCTION**

1. This complaint arises from Defendants' unlawful infringement of United States Patent No. 7,554,126 (the "'126 Patent" or the "Asserted Patent" attached as **Exhibit 1**) owned by Everlight.

**PARTIES**

2. Plaintiff Everlight Electronics Co., Ltd. is a foreign corporation organized and existing under the laws of Taiwan with a principal place of business located at No. 6-8, Zhonghua Rd., Shulin Dist., New Taipei City 23860, Taiwan. Everlight manufactures light emitting diode ("LED") products and sells, imports, and/or offers for sale LED products in the United States. Everlight is the sole owner by assignment of all right, title, and interest in the '126 Patent.

3. On information and belief, Defendant Lumileds Holding B.V. is a corporation organized and existing under the laws of the Netherlands that maintains an established place of business at Evert van de Beekstraat 1 - 107, The Base Building B, 5th Floor, Schiphol, 1118 CN, The Netherlands. Lumileds Holding B.V. can be served with process in the Netherlands pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965, T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).

4. On information and belief, Defendant Lumileds, LLC is a limited liability company organized under the laws of the State of Delaware and maintains an established place of business at 370 W. Trimble Road, San Jose, CA 95131. Lumileds, LLC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 as its agent for service of process.

5. On information and belief, Lumileds, LLC is a wholly-owned subsidiary of Lumileds Holding B.V.

6. On information and belief, Lumileds Holding B.V. controls or acts jointly with its subsidiaries, including Lumileds, LLC, in the designing, manufacturing, using, marketing, importing, offering to sell, and/or selling of certain light emitting products.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, including 35 U.S.C. §§ 271 and 281.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants in this action because Defendants, directly and/or through subsidiaries or intermediaries (including distributors, retailers,

and others), have committed and continue to commit acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and/or selling products that infringe the '126 Patent, as described herein. Accordingly, Defendants have purposefully availed themselves of the benefits of doing business in the State of Delaware.

11. Venue is proper as to Lumileds Holding B.V. because it is a foreign corporation subject to suit in any district under 28 U.S.C. § 1391(c).

12. Venue is proper as to Lumileds, LLC because it is organized under the laws of Delaware and thus resides in this District.

13. Venue is further proper as to both Defendants because they are subject to personal jurisdiction in this District, have transacted business in this District, and have committed acts of patent infringement in this District.

**INFRINGEMENT OF U.S. PATENT NO. 7,554,126**

14. Everlight realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. Everlight owns by assignment all right, title, and interest in and to the '126 Patent, titled "Semiconductor Light-Emitting Element, Manufacturing Method and Mounting Method of the Same and Light-Emitting Device," issued on June 30, 2009, naming Kazushi Higashi and Shinji Ishitani as the inventors. Ex. 1 ('126 Patent) at 1. The '126 Patent is based on U.S. Patent Application No. 11/662,547 with a PCT filing date of September 22, 2005. *Id.* The

'126 Patent claims priority to Japanese Application No. 2004-279049 filed September 27, 2004. *Id.*

16.  The '126 Patent discloses a novel method for the manufacture and mounting of semiconductor light emitting elements. The inventive concepts disclosed and claimed in the '126 Patent provide for larger light emitting elements with higher junction yields while enabling high production efficiency with lower precision requirements.

17.  Claim 9 recites:

A method for manufacturing a semiconductor light-emitting element comprising:

> preparing a bare light-emitting element comprising an n-type semiconductor layer formed on a light-transmitting element substrate so as to cover the element substrate;
>
> a p-type semiconductor layer formed on an area on the n-type semiconductor layer from which an area for the n-electrode on the n-type semiconductor layer is excluded, for emitting light in cooperation with the n-type semiconductor layer;
>
> a first n-electrode that is a thin film formed on the area for the n-electrode of the n-type semiconductor layer; and
>
> a first p-electrode that is a thin film formed on the p-type semiconductor layer;
>
> forming a first insulating layer so as to insulate the first n-electrode and the first p-electrode from each other;
>
> forming a second n-electrode on the first n-electrode and the first insulating layer as a thin film having an area larger than a joined face between the n-type semiconductor and the first n-electrode, so that the second n-electrode is electrically connected to the first n-electrode and is insulated from the first p-electrode by the first insulating layer; and
>
> forming a second p-electrode on the first p-electrode as a thin film having an area smaller than a joined face between the n-type semiconductor layer and the p-type semiconductor layer, so that the second p-electrode is electrically connected to the first p-electrode.

18.  On information and belief, Defendants make, use, offer for sale, sell, and/or import certain light emitting products such as Lumileds LUXEON Go headlighting modules

incorporated in various automobiles (collectively the "Accused Products") that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '126 Patent in this District and the United States in violation of 35 U.S.C. § 271, including at least § 271(g). On information and belief, Defendants import into the United States or offer to sell, sell, or use within the United States the Accused Products, which are made by a process covered by one or more method claims of the '126 Patent.

19. The Accused Products satisfy all claim limitations of one or more method claims of the '126 Patent, including, but not limited to, claim 9, as demonstrated in the exemplary claim chart attached as **Exhibit 2**.

20. By making, using, offering for sale, selling, and/or importing into the United States the Accused Products, Defendants have injured Everlight and are liable for infringement of the '126 Patent pursuant to 35 U.S.C. § 271.

21. Defendants have actual knowledge of the '126 Patent and their infringement at least as of the service of this Complaint. To the extent facts learned in discovery show that Defendants' infringement of the '126 Patent is or has been willful, or to the extent Defendants' actions subsequent to the filing of this Complaint—such as their wanton, malicious, and bad-faith behavior as litigants or their failure to take remedial actions—render their infringement egregious, Everlight reserves the right to request such a finding at the time of trial.

22. As a result of Defendants' infringement of the '126 Patent, Everlight is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Everlight respectfully requests that this Court enter a judgment against Defendants:

a. determining that Defendants have infringed and continue to infringe, either literally and/or under the doctrine of equivalents, one or more method claims of the '126 Patent;

b. requiring Defendants to pay Everlight its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '126 Patent;

c. requiring Defendants to provide an accounting and to pay supplemental damages to Everlight, including without limitation, pre-judgment and post-judgment interest;

d. finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Everlight its reasonable attorneys' fees and costs against Defendants, and enhanced damages pursuant to 35 U.S.C. § 284; and

e. granting Everlight such other and further relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Everlight, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Michael P. Sandonato<br>VENABLE LLP<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067<br>(310) 229-9900<br><br>Philip T. Sheng<br>Pan C. Lee<br>Don Z. Wang<br>VENABLE LLP<br>101 California Street, Suite 3800<br>San Francisco, CA 94111<br>(415) 653-3750<br><br>February 2, 2026 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Rodger D. Smith II*<br><br>Rodger D. Smith II (#3778)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Plaintiff*<br>*Everlight Electronics Co., Ltd.* |